IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES FRANKLIN HOLMES, | No. 4:25-CV-00880 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN of SCI-DALLAS, | |
| Respondent. | |

## MEMORANDUM OPINION AND ORDER

### OCTOBER 21, 2025

Petitioner James Franklin Holmes is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his conviction and sentence entered by the Court of Common Pleas for Lycoming County, Pennsylvania, at docket number CP-41-CR-0002155-2015.[1] For the following reasons, the Court will require Holmes to show cause as to why his Section 2254 petition should not be dismissed as barred by the statute of limitations.[2]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas

---

[1] Doc. 1.
[2] This Court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Wood v. Milyard*, 566 U.S. 463, 472 (2012) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)); *see also* 28 U.S.C. § 2254 Rule 4.

corpus relief in federal court.[3] In most cases, and as appears to be relevant for Holmes' petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review."[4] The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending."[5]

In June 2017, Holmes was convicted by a jury of six counts of criminal solicitation (to commit involuntary deviate sexual intercourse with a child, sexual assault, sexual exploitation of children, aggravated indecent assault on a child, sexual abuse of children, and indecent assault on a person less than 13 years of age), one count of trafficking in minors, and one count of criminal use of a communication facility.[6] On December 18, 2017, he was sentenced to an aggregate term of 13 to 26 years' incarceration.[7]

After his post-sentence motions were denied by operation of law, Holmes filed a counseled appeal with the Superior Court of Pennsylvania.[8] The Superior Court affirmed Holmes' judgment of sentence on July 16, 2019.[9] Holmes then

---

[3] *See* 28 U.S.C. § 2244(d)(1).
[4] *Id.* § 2244(d)(1)(A).
[5] *Id.* § 2244(d)(2) (emphasis added).
[6] *Commonwealth v. Holmes*, No. 1671 MDA 2018, 2019 WL 3205784, at *1, *4 (Pa. Super. Ct. July 16, 2019) (nonprecedential).
[7] *Id.*, at *4 & n.4.
[8] *Id.*, at *4 & n.6.
[9] *Id.*, at *1, *12.

filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which petition was denied on February 12, 2020.[10] It does not appear that Holmes filed a petition for a writ of *certiorari* with the Supreme Court of the United States, and thus his conviction became final for AEDPA purposes 90 days later on May 12, 2020, when the time for seeking such review expired.[11]

Holmes timely filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act (PCRA)[12] on June 15, 2020.[13] However, by the time Holmes filed his PCRA petition (which initiated tolling of the one-year federal habeas limitations period), 34 days had already elapsed on his Section 2254 statute of limitations.[14] Holmes' PCRA petition was eventually denied by the PCRA court and that denial was affirmed by the Superior Court on May 8, 2023.[15] Holmes filed a petition for allowance of appeal with the Pennsylvania Supreme Court, but that petition was denied on May 14, 2024.[16]

---

[10] *See Commonwealth v. Holmes*, No. 469 MAL 2019, 224 A.3d 1266 (Pa. 2020) (table).
[11] *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citations omitted).
[12] 42 Pa. Cons. Stat. § 9541 *et seq.*
[13] *See Commonwealth v. Holmes*, No. 441 MDA 2022, 2023 WL 3301425, at *2 (Pa. Super. Ct. May 8, 2023) (nonprecedential). As the Superior Court explained, Holmes styled his *pro se* post-conviction petition as one seeking "habeas corpus" relief, which the Pennsylvania courts construed as a PCRA petition. *See id.*
[14] *See, e.g.*, *LaCava v. Kyler*, 398 F.3d 271, 273-74 (3d Cir. 2005) (explaining statute-of-limitations calculations and tolling when a timely state post-conviction petition is filed).
[15] *See Holmes*, No. 441 MDA 2022, 2023 WL 3301425, at *1, *10.
[16] *Commonwealth v. Holmes*, No. 626 MAL 2023, 318 A.3d 381 (Pa. 2024) (table).

3

Accordingly, Holmes' state PCRA process was completed and Section 2244(d)(2) tolling of his federal habeas limitations period ended on May 14, 2024, because the time for seeking *certiorari* in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations.[17]  As 34 days had already elapsed before Section 2244(d)(2) tolling began, Holmes had only 331 days remaining on his one-year clock—or until April 10, 2025—in which to file his Section 2254 petition in federal court.[18] Holmes' petition, however, was not signed and delivered to prison officials for mailing until May 13, 2025,[19] more than a month *after* the AEDPA's one-year statute of limitations expired.

Apparently aware that he was facing statute-of-limitations issues, Holmes filed a motion to stay and abey his Section 2254 proceedings while he continued to pursue a second PCRA petition (raising new issues) in state court.[20]  The Court, however, finds that at this time Holmes has not made the requisite showing that his exhausted claims should be stayed while he pursues a second PCRA petition for other unexhausted claims.  That is because, upon careful consideration of Holmes'

---

[17] *See Lawrence v. Florida*, 549 U.S. 327, 333-34 (2007); *LaCava*, 398 F.3d at 274 (citing *Stokes v. Dist. Att'y of Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001)).

[18] *See LaCava*, 398 F.3d at 274.

[19] *See* Doc. 1-1 (averring that he placed his Section 2254 petition in the prison mail system on "May 13, 2025"); *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

[20] *See* Doc. 1-5 at 2.

state-court and federal filings recounted above, it appears that Holmes' Section 2254 petition has been filed more than a month out of time. It is likewise because Holmes' second PCRA petition has been dismissed by the PCRA court.[21]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1. Holmes' motion to stay (Doc. 1-5 at 2) is **DENIED** without prejudice.

2. Holmes shall have **21 days** from the date of this Order to show cause as to why his petition for a writ of habeas corpus under 28 U.S.C. § 2254 should not be dismissed as time-barred under the one-year statute of limitations provided by 28 U.S.C. § 2244(d)(1).

3. If no response is timely received, the Court will dismiss Holmes' Section 2254 petition as time-barred for the reasons stated herein.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[21] *See Commonwealth v. Holmes*, No. CP-41-CR-0002155-2015 (Pa. Ct. Com. Pl. Lycoming Cnty.).